RECEIVED
CHARLOTTE, N.C.

SEP 9 2005

Clerk, U.S. Dist. Court
W. Dist. of N.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:05-CV-239 MU

| | |
|---|---|
| SUNOCO, INC. (R&M) | : |
| Plaintiff, | : |
| vs. | : **STIPULATED PROTECTIVE ORDER** |
| | : **GOVERNING CONFIDENTIAL** |
| | : **INFORMATION** |
| LSAA, INC. d/b/a SAM'S MART and SAN INVESTMENTS, INC. | : |
| Defendants. | : |

The parties have agreed that the following provisions shall govern the discovery of Confidential Information:

1. This Order shall apply to all documents and other information, including answers to interrogatories and other discovery requests, produced in discovery by any Party to this litigation and/or by any Non-Party served with a subpoena or their present or former agents, employees or representatives (collectively, the "Non-Party"), that the Producing Party or Non-Party designates in writing or by legend as confidential ("Confidential Information"). Any document or information that the Producing Party or Non-Party designates as Confidential Information shall be treated as such by all persons receiving any Confidential Information (the "Receiving Party") unless and until the Court orders otherwise.

2. Designation of Confidential Information in writing or by legend shall refer to the terms of this Stipulated Protective Order substantially in the following form:

-1-

## Confidential Information

This document and its contents may not be used, duplicated, distributed, published, disclosed or divulged to any person except as specifically authorized by the Stipulated Protective Order governing confidential information entered in the matter of Sunoco, Inc. vs. LSAA, Inc. d/b/a Sam's Mart and San investments, Inc., Civil Action No. 3:05-CV-239 MU pending in the United States District Court for the Western District of North Carolina.

3. Confidential Information may be used solely for the purposes of this litigation and may not be used for any business or any other purpose. Confidential Information may be disclosed to and viewed by the following (hereinafter referred to individually and collectively as "Authorized Persons"):

(a) Counsel of record in this case, including all attorneys, legal assistants, secretaries and other employees of counsel's firm, and those attorneys who are payroll employees of the respective Parties (collectively, "Counsel of Record);

(b) Any expert retained by any Party for the purposes of this litigation or any of that expert's employees, and who Counsel of Record in good faith believes needs access to Confidential Information in order to serve as an expert in this action; or

(c) Any person that Counsel of Record plans in good faith to call as a fact witness in this litigation and who Counsel of Record in good faith believes needs access to Confidential Information in order to testify in this action.

4. Before any Authorized Person, other than Counsel of Record, is given access to Confidential Information produced by another Party or a Non-Party,, that person shall be furnished with a copy of this Order and shall sign at the end of this Order the following certification:

> I, [insert name, title and employer] have read the
> foregoing Stipulated Protective Order governing
> Confidential Information. I understand all of its
> terms and provisions and, as an Authorized Person
> under this Stipulated Protective Order, understand
> and agree that I am bound by all of its terms and
> conditions..

If such person is given access to Confidential Information produced by a Non-Party, Counsel of Record shall provide counsel for the Non-Party within five (5) days of such certification with the name, title and employer of each such person. This notification requirement shall not apply to Counsel of Record or to experts.

5. If counsel for the Receiving Party objects to the designation by the Producing Party or Non-Party of any particular document or information as Confidential Information, counsel for the Receiving Party shall notify counsel for the Producing Party or Non-Party in writing that he or she objects to the designation, identifying with particularity the document or information that he or she believes has been improperly classified, and the basis for his or her contention that said document or information should not be designated as Confidential Information. Counsel shall make a good faith effort to resolve all disputes regarding the designation of any particular document or information as Confidential Information without Court intervention. If counsel are unable to resolve such disputes, counsel for the Receiving Party shall notify counsel for the Producing Party or Non-Party in writing of their inability to reach agreement. Thereafter, counsel for either the Producing Party or Non-Party or Receiving Party may ask the Court to resolve the dispute, with immediate notice to any Non-Party and notice sufficient so that said Non-Party shall have not less than fifteen (15) days before it is obligated to file any papers with the Court. During the pendency of any such dispute, all information

designated as Confidential Information shall continue to be treated in all respects as Confidential Information, unless and until the Court orders otherwise.

6. No one Authorized Person shall distribute, disclose, divulge, publish or otherwise make available any Confidential Information or any portion, extracts, or summaries of such Confidential Information or disclose the subject matter of Confidential Information to any other person, except other Authorized Persons and except the Court as necessary in the conduct of this particular litigation, unless such persons have first obtained leave of the Court or the consent of the Producing Party or Non-Party (who produced the Confidential Information) to disclose such Confidential Information.

7. In every submission or filing with the Court, every document, including motions, memoranda, deposition transcripts or other items, containing Confidential Information shall be filed with the clerk under seal in an envelope or container which shall be stamped as follows:

> **Confidential**
>
> This document is filed under seal and, unless otherwise ordered by the United States District Court for the Western District of North Carolina, shall not be reproduced for, or shown to, persons other than those entitled to access under the Stipulated Protective Order governing Confidential Information in <u>Sunoco, Inc. (R&M) v. LSAA, Inc., et al.</u>, United States District Court for the Western District of North Carolina, Civil Action No. 05-239.

Submissions filed under seal shall not be available for inspection except by the Court and other persons authorized by the Court.

8. In the event that any Party wishes to use Confidential Information at a deposition, the Producing Party may compel all persons other than the deponent, the court reporter, and Authorized Persons to be excused from the deposition during the time that the

4

Confidential Information is being used, disclosed or discussed. At the time of the deposition, or within ten (10) days of the receipt of the deposition transcript, the Producing Party may designate as Confidential Information any portion of the testimony or the transcript that contains Confidential Information. If the Confidential Information was used during the deposition was produced by a Non-Party, those portions of the testimony or the transcript that contain such Confidential Information shall be deemed as Confidential Information and handled by the Parties as such unless there is an order of the Court to the contrary. In order to provide all parties with an opportunity to review deposition transcripts prior to designating as Confidential Information such transcripts or any portions of such transcripts, all deposition transcripts shall be treated as Confidential Information until ten (10) days after receipt of the deposition transcript, at which time the relevant provisions of this Order regarding the treatment of Confidential Information shall apply only to those deposition transcripts or portions of such transcripts designated as Confidential Information. Portions of deposition transcripts that are designated as Confidential Information shall be bound separately, shall clearly display the appropriate legend as set forth in paragraph 7 above, and shall be treated as Confidential Information under the terms of this Order.

9. Within sixty (60) days following the final disposition or resolution of this litigation, including all appeals, counsel for the Receiving Party and all other Authorized Persons holding Confidential Information shall surrender to counsel for the Producing Party or Non-Party all Confidential Information previously furnished by the Producing Party Non-Party, including all copies, extracts, and summaries made from or containing Confidential Information, with the exception of Confidential Information filed with the Court in accordance with paragraph 7 above, and shall certify compliance with this obligation to the Producing Party or Non-Party.

The provisions of this Order shall continue to be binding upon all persons who receive Confidential Information pursuant to this Order.

Ultimate disposition of protected materials is subject to final order of the court upon completion of litigation.

*[signature]*
A. Christopher Young
Stacey I. Gregory
PEPPER HAMILTON LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
215.981.4000
Fax: 215.981.4750

*[signature]*
John T. Jeffries
McANGUS GOUDELOCK & COURIE LLC
P. O. Box 30307
Charlotte, NC 28230
704-643-6303
Fax: 704-643-2376

Attorneys for Plaintiff,
Sunoco, Inc. (R&M)

*[signature]*
R. Steven DeGeorge
ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
704.377.8380
Fax: 704.377.3980

Attorneys for Defendants,
LSAA, Inc. and San Investments, Inc.

SO ORDERED:

*[signature]*
United States District Court Judge